**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

XUEYI CHEN,

Petitioner,

v.

Case No. 1:26-cv-03716-MIS-SCY

WARDEN, in his official capacity as Warden of the Torrance County Detention Facility; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Xueyi Chen's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed November 4, 2026. The federal Respondents filed a Response on November 20, 2026.[1] ECF No. 9. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of China who entered the United States on an F-1 student visa, most recently on March 30, 2024. Pet. ¶ 1. On October 16, 2024, he filed an application for asylum

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

with U.S. Citizenship and Immigration Services, which remains pending. Id. ¶¶ 1-2. He appears to have no criminal record. Id. ¶ 1.

Nevertheless, on August 1, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers took him into custody in Tacoma, Washington, without a warrant after determining he violated the immigration regulations for his F-1 status. Id. ¶¶ 1, 5. He has been detained ever since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Id.

On October 9, 2026, an Immigration Judge denied Petitioner bond on the following grounds: "Flight risk, lack of a definitive fixed address, visa overstay, lack of a viable sponsor non-relative and she has insufficient income, lack of familial ties, and a speculative form of relief." Order of the Immigr. Judge at 1, ECF No. 9-1.

On November 4, 2026, Petitioner filed the instant Petition. ECF No. 1. On November 5, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief. In addition, to the extent the USAO's answer opposes the Petitioner because Petitioner has had a bond hearing, it must provide specific information to show that the bond hearing was constitutionally adequate." ECF No. 5. On November 20, 2026, Respondents filed a Response. ECF No. 9.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that

"[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his bond hearing was constitutionally inadequate, in violation of his Fifth Amendment right to procedural due process, because (1) the Immigration Judge failed to base his decision on the evidence presented, Pet. ¶¶ 37-46, and (2) Petitioner bore the burden of proof at the hearing, id. ¶¶ 47-50. He further argues that his warrantless arrest and continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1226(a) and 1357(a)(2), and Department of Homeland Security ("DHS") regulations, 8 C.F.R. §§ 236.1(b)(1), 287.8(c)(2)(ii). Pet. ¶¶ 51-55. He further argues that his warrantless arrest violates the Fourth Amendment. Id. ¶¶ 56-59. He further argues that his detention violates the Accardi doctrine, id. ¶¶ 60-63, and his Fifth Amendment substantive due process rights, id. ¶¶ 64-66.

Respondents argue that the Court lacks jurisdiction over the Immigration Judge's bond decision, Resp. at 2 (citing 8 U.S.C. § 1226(e)), and that Petitioner's detention during the pendency of his removal proceedings is constitutional, id. They argue that having received a bond hearing, Petitioner has been provided all of the process he is due. Id. at 2-3. Respondents wholly failed to respond to Petitioner's argument that his warrantless arrest violates the INA and the Fourth

Amendment, that his continued detention violates DHS regulations, the Accardi doctrine, and his Fifth Amendment substantive due process rights. See id.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' failure to address all of Petitioner's arguments, at a minimum, constitutes a concession that Petitioner is being detained in violation of his rights under the INA and its implementing regulations. Indeed,

> As Petitioner points out, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025); accord, e.g., J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); Ahmed M. v. Bondi, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). This is consistent with DHS regulations permitting immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and an NTA. See 8 C.F.R. §§ 236.1(b), 1236.1(b); see also Ramirez Ovando v. Noem, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), appeal docketed sub nom., Ramirez Ovando v. Mullin, No. 26-1027 (10th Cir. Jan. 26, 2026).
>
> Without a warrant, however, the Government's authority to make immigration arrests is "more limited." Ramirez Ovando, 810 F. Supp. 3d at 1216 (quoting Arizona v. United States, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can

> be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. See Ramirez Ovando, 810 F. Supp. 3d at 1216–17 (citing Roa-Rodriguez v. United States, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); Escobar Molina v. U.S. Dep't of Homeland Sec., 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[2] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

Quezada-Estrada v. Lyons, Case No. 26-cv-01599-NYW, 2026 WL 1361880, at *4-5 (D. Colo. May 15, 2026) (footnote in original).

Here, as in Quezada-Estrada, the record fails to demonstrate that the Government complied with these requirements when arresting and detaining Petitioner. See id. Consequently, the Court finds that Petitioner is entitled to habeas relief. And because Respondents failed to articulate a legitimate interest in Petitioner's continued detention the Court orders his immediate release. See id. at *6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

[2] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. See United States v. Sanchez-Rivas, 752 F. App'x 601, 604 (10th Cir. 2018) (citing United States v. Ailon-Ailon, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

2. Respondents are **ORDERED** to immediately release Petitioner Xueyi Chen from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE